UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SAMMONS and JANIE
SAMMONS, as legal guardians
of A.S., an incapacitated adult,

     Plaintiffs,

v.                                                           Case No. 8:04-cv-2657-T-24 EAJ

POLK COUNTY SCHOOL BOARD,

     Defendant.
_____/

## ORDER

This cause comes before the Court on three motions: (1) Plaintiffs' Motion for Preliminary Injunction (Doc. No. 7) and Defendant's opposition thereto (Doc. No. 16); (2) Defendant's Amended Motion to Admit Affidavit of Sherwin Holmes as Additional Evidence (Doc. No. 23) and Plaintiffs' opposition thereto (Doc. No. 26); and (3) Defendant's Amended Motion to Vacate Evidentiary Hearing or Limit its Scope (Doc. No. 24) and Plaintiffs' opposition thereto (Doc. No. 25). These motions were considered by the United States Magistrate Judge, pursuant to a specific order of referral (Doc. No. 12). Magistrate Judge Jenkins held a hearing on these motions on February 25, 2005 and March 3, 2005 (Doc. No. 40), and she filed her report recommending that the Court grant Plaintiffs' Motion for Preliminary Injunction and deny as moot Defendant's motions regarding Sherwin Holmes' affidavit and the scope of the evidentiary hearing. (Doc. No. 51). All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Objections to the Magistrate's Report were filed by Defendant (Doc. No. 56), and Plaintiffs have filed a response thereto (Doc. No. 65). Upon consideration of the Report and Recommendation and Defendant's objections thereto, and upon this Court's independent

examination of the file, it is determined that the Report and Recommendation (Doc. No. 51) should be adopted.

**I. Background**

Plaintiffs are the parents and legal guardians of A.S., a nineteen-year-old, non-verbal male with Asperger's Syndrome, a form of autism. During the 2003-2004 school year, A.S. was a senior in high school.

On or about October 6, 2003, Plaintiffs and Defendant Polk County School Board agreed upon an Individual Education Plan ("IEP") for A.S. The October 6, 2003 IEP stated that one of A.S.'s priority educational needs was the ability to express his ideas in written form.

Thereafter, on or about February 23, 2004, at an annual review of A.S.'s IEP, Plaintiffs were informed that A.S. would graduate in May of 2004 if he received all of his academic credits. Additionally, in the February 23, 2004 IEP, Defendant proposed eliminating any goals that required A.S. to complete written. Plaintiffs objected to the proposed graduation and the elimination of the written work requirement. In response to Plaintiffs' objection to the February, 2004 IEP, Defendant issued Plaintiffs an Informed Notice of Refusal, dated February 23, 2004, rejecting Plaintiffs' proposal not to graduate A.S. or to change his diploma option from a standard diploma to a special diploma.

On April 20, 2004, Plaintiffs wrote a letter to Defendant notifying Defendant of Plaintiffs' opposition to the February 23, 2004 proposed IEP. Plaintiffs stated in the April 20, 2004 letter that they were formally requesting either a new IEP meeting or mediation on the issue. In this letter, they also stated that they did not want A.S. to graduate and that they intend to challenge any IEP that was proposed to be a terminal IEP. Additionally, Plaintiffs requested that Defendant conduct additional evaluations of A.S.

After receiving Plaintiffs' April 20, 2004 letter, Defendant responded on May 7, 2004 that it would schedule a new IEP meeting and that the request for specific evaluations of A.S. would be referred to A.S.'s IEP team. Additionally, on May 7, 2004, Defendant sent Plaintiffs a meeting notice scheduling the new IEP meeting for May 21, 2004. Among the reasons given for the new IEP meeting was that the diploma option and IEP would be reviewed.

On May 13, 2004, Plaintiffs received a notice from A.S.'s school entitled "Important Dates for Seniors." This notice stated that graduation was on May 20, 2004. A district school calendar also listed May 20, 2004 as the graduation day for seniors attending A.S.'s high school.

On May 13, 2004, an ESE Coordinator emailed Plaintiffs, stating that there was no school the following day due to graduation practice. Plaintiffs became concerned that Defendant was going to graduate A.S., and on Friday, May 14, 2004, Plaintiffs' attorney wrote to Defendant and requested that Defendant reassure Plaintiffs that it was not Defendant's intention to graduate A.S. Additionally, Plaintiffs' attorney stated that his letter was intended to communicate Plaintiffs' absolute rejection of graduation at this time, and if it was necessary to file a Due Process Request to stay any effort to graduate A.S., Defendant should provide him with an immediate Informed Notice of Refusal and so indicate.

On Monday, May 17, 2004, Plaintiffs had not received a response to their attorney's May 14, 2004 letter. Therefore, on May 17, 2004, Plaintiffs formally requested an impartial due process hearing to challenge the proposed graduation. Plaintiffs also requested an emergency injunction requiring Defendant to maintain A.S.'s current educational placement pending Plaintiff's challenge to the proposed graduation.

In response, Defendant requested that an Administrative Law Judge ("ALJ") be appointed to hear Plaintiffs' due process request. Additionally, Defendant stated that A.S. had

3

graduated on May 13, 2004, and that May 20, 2004 was merely the date for the graduation ceremony. Defendant contends that A.S. graduated on May 13, 2004, because that was the date that A.S.'s teacher turned in his grades, and as such, that was the date that he met the requirements for graduation.

The ALJ denied Plaintiffs' request for an emergency injunction to enforce A.S.'s "stay put" rights, because Plaintiffs requested a due process hearing after A.S. had graduated. Additionally, after a three day due process hearing, the ALJ held that after Plaintiff graduated on May 13, 2004, Defendant was not under an obligation to provide a free and appropriate public education to A.S., and absent authority to conduct an after-the-fact review of the February 23, 2004 IEP, he lacked jurisdiction to consider whether A.S. received a free and appropriate public education.

Thereafter, Plaintiffs filed the instant action and filed the instant request for preliminary injunctive relief in the form of returning A.S. to school during the pendency of these proceedings. The magistrate judge issued a Report and Recommendation, recommending that the requested relief be granted. Defendant objects to the magistrate's Report and Recommendation.

## II.  Stay Put Provision

The "stay put" provision, set forth in 20 U.S.C. § 1415(j), provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child . . . until all such proceedings have been completed." The parties agree that a request for an impartial due process hearing made prior to the child's graduation triggers the stay put provision. At issue before the Court is whether the stay put

4

provision was triggered in the instant case, because Defendant contends that A.S. graduated on May 13, 2004–prior to Plaintiffs' May 17, 2004 request for a due process hearing.

Plaintiffs contend that Defendant should be equitably estopped from asserting that A.S. graduated prior to their request for a due process hearing. Specifically, they argue that Defendant's May 7, 2004 meeting notice informing them that a new IEP meeting would be held on May 21, 2004 led them to believe that Defendant would not graduate A.S. prior to the new IEP meeting. The Court agrees with Plaintiffs and finds that Defendant should be equitably estopped from asserting that A.S. graduated prior to their request for a due process hearing.

Under "Florida law, the defense of equitable estoppel requires a showing of (1) a representation as to a material fact contrary to a later asserted position; (2) reliance on that representation; and (3) a detrimental change in position in reliance on that representation." Irvine v. Cargill, 799 F.2d 1461, 1463 (11th Cir. 1986)(citation omitted). "In addition to the usual elements of estoppel, a party seeking to invoke estoppel against the government must establish affirmative conduct by the government going beyond mere negligence; that the government's act will cause serious injustice; and the imposition of estoppel will not unduly harm the public interest." Alachua County v. Chesire, 603 So. 2d 1334, 1337 (Fla. 1st DCA 1992)(citation omitted). Plaintiffs have the burden of proving all facts essential to estoppel. See Cargill, 799 F.2d at 1463 (citation omitted). Plaintiffs have met their burden.

The Court finds that Defendant's May 7, 2004 meeting notice informing Plaintiffs that a new IEP meeting would be held on May 21, 2004 would lead a reasonable person to believe that Defendant was not going to graduate A.S. prior to the May 21, 2004 IEP meeting. Plaintiffs relied on this and did not request a due process hearing after receiving the May 7, 2004 meeting notice due to their belief, based on Defendant's conduct, that Defendant would not graduate A.S.

prior to the May 21, 2004 IEP meeting.  Furthermore, the Court finds that Defendant's scheduling of the IEP meeting for a date after A.S. would graduate without indicating that the scheduling of the new IEP meeting was a mere technicality and that the new IEP meeting would likely not occur was affirmative conduct by Defendant going beyond mere negligence.  The Court suspects that Defendant intentionally did not indicate that the new IEP meeting would likely not occur in an attempt to get Plaintiffs not to request a due process hearing before Defendant was able to graduate A.S.[1]  Additionally, the Court finds that Defendant's actions will cause serious injustice, because Defendant contends that A.S. cannot invoke the stay put provision due to its attempt to graduate A.S. against Plaintiffs' wishes and without their knowledge.  Finally, the Court finds that the imposition of estoppel will not unduly harm the public interest.

Defendant argues that estoppel is not appropriate, because Plaintiffs had an opportunity to confirm their belief that Defendant would not graduate A.S. before the May 21, 2004 IEP meeting.  The Court rejects this argument.  As stated above, the Court finds that Defendant's May 7, 2004 meeting notice informing Plaintiffs that a new IEP meeting would be held on May 21, 2004 would lead a reasonable person to believe that Defendant was not going to graduate A.S. prior to the May 21, 2004 IEP meeting.  Furthermore, Plaintiffs' attorney attempted to confirm this belief when he wrote to Defendant on May 14, 2004.

Defendant also argues that estoppel should not be applied, because Defendant's conduct of scheduling the new IEP meeting for May 21, 2004 is ambiguous and thus susceptible of two

---

[1]The Court also wonders whether Defendant chose to schedule a new IEP meeting rather than mediate Plaintiffs' objections to the February, 2004 IEP in an attempt to avoid triggering the stay put provision by mediating.  As explained by the magistrate judge in her Report and Recommendation, mediation is a proceeding that triggers the stay put provision.

constructions (i.e., that the IEP was scheduled with an intent to mislead Plaintiffs about Defendant's intent to graduate A.S., or that the IEP was scheduled because Defendant was required to do so under the law). The Court rejects this argument. It appears to the Court that Defendant's scheduling of the new IEP meeting for a date after A.S. would graduate without indicating that the scheduling of the new IEP was a mere technicality and that the new IEP meeting would likely not occur was done in an attempt to get Plaintiffs not to request a due process hearing before Defendant was able to graduate A.S.

Accordingly, the Court finds that estoppel is appropriate under the facts of this case. As such, the Court finds that the stay put provision was triggered and A.S. should be returned to his educational placement as it existed under the October 23, 2003 IEP during the pendency of these proceedings. This result is consistent with the objectives of the Individuals with Disabilities Education Act, which includes ensuring that the rights of children with disabilities and the rights of their parents are protected. See Georgia State Department of Education v. Derrick C., 314 F.3d 545, 551 (11th Cir. 2002). Likewise, this result is consistent with the purpose of the stay put provision, which is to prevent schools from effecting unilateral changes to a disabled child's educational program. See id.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) The Magistrate Judge's Report and Recommendation (Doc. No. 51) is adopted and incorporated by reference in this Order of the Court;

(2) Plaintiffs' Motion for Preliminary Injunction (Doc. No. 7) is **GRANTED**;

(3) Defendant is ordered to return A.S., as soon as practicable, to his educational

placement as it existed under the October 23, 2003 IEP during the pendency of these proceedings;

(4)   Defendant's Amended Motion to Admit Affidavit of Sherwin Holmes as Additional Evidence (Doc. No. 23) is **DENIED AS MOOT**; and

(5)   Defendant's Amended Motion to Vacate Evidentiary Hearing or Limit its Scope (Doc. No. 24) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Tampa, Florida, this 20th day of June, 2005.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Elizabeth A. Jenkins