UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SAMMONS and JANIE
SAMMONS, as legal guardians
of A.S., an incapacitated adult,

       Plaintiffs,

v.                                        Case No. 8:04-cv-2657-T-24 EAJ

POLK COUNTY SCHOOL BOARD,

       Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Reconsideration. (Doc. No. 71). In this motion, Defendant asks the Court to reconsider its Order (Doc. No. 70) adopting the Magistrate Judge's Report and Recommendation.

Defendant makes two arguments in its motion: (1) the Court should have applied federal law, rather than Florida law, when determining whether equitable estoppel should be applied against Defendant, and (2) the February 23, 2004 IEP should be the stay-put placement, rather than the October 23, 2004 IEP.[1] The Court rejects Defendant's first argument and reserves ruling on the second argument until Plaintiffs file their response.

The elements of estoppel under Florida law and federal common law are similar. See Marine Transportation Services Sea-Barge Group, Inc. v. Python High Performance Marine

---

[1] Defendant also argues re-argues its reasoning for choosing to schedule an IEP rather than mediating Plaintiffs' concerns–Defendant states that it scheduled the IEP because it believed that it was required to grant any reasonable request for an IEP meeting. However, if Defendant is required to schedule an IEP meeting when a parent requests it, it logically follows that the IEP meeting should be scheduled prior to the child's graduation if one of the reasons for requesting the IEP meeting is to challenge that school's decision to graduate the child.

Corp., 16 F.3d 1133, 1139 n.8 (11th Cir. 1994).² As such, even if the Court erred in citing Florida law on equitable estoppel, rather than federal common law, the result would be the same.

Defendant's argument that the Court erred in applying Florida law is based on Defendant's contention that equitable estoppel cannot be applied against governmental bodies. However, the cases cited by Defendant discuss whether equitable estoppel can be applied against the federal government, not a school district, and the cases left the issue of whether it could be applied against the federal government open. However, this Court finds that under the facts of this case, the elements of equitable estoppel, under federal law, have been satisfied.

Defendant also argues that equitable estoppel cannot be applied in a stay-put determination. Defendant cites the non-binding case of Termine v. William S. Hart Union High School District, 219 F. Supp.2d 1049, 1056 (C.D. Cal. 2002), remanded by 354 F.3d 1004 (9th Cir. 2004), to support its argument. However, in that case, the court held that the school's *equitable defense* was irrelevant for the purposes of determining the stay-put issue.

Based on the above, the Court rejects Defendant's arguments on the issue of estoppel. As such, Defendant's motion for reconsideration of this issue is denied.

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Defendant's Motion for Reconsideration (Doc. No. 71) is **DENIED** as to

---

²See also Irvine v. Cargill, 799 F.2d 1461, 1463 (11th Cir. 1986)(citation omitted)(stating that under "Florida law, the defense of equitable estoppel requires a showing of (1) a representation as to a material fact contrary to a later asserted position; (2) reliance on that representation; and (3) a detrimental change in position in reliance on that representation"); Carneiro Da Cunha v. Standard Fire Ins. Co., 129 F.3d 581, 587 (11th Cir. 1997)(stating that the "elements of equitable estoppel under federal common law [are]: (1) the party to be estopped misrepresented material facts; (2) the party to be estopped was aware of the true facts; (3) the party to be estopped intended that the misrepresentation be acted on or had reason to believe the party asserting the estoppel would rely on it; (4) the party asserting the estoppel did not know, nor should it have known, the true facts; and (5) the party asserting the estoppel reasonably and detrimentally relied on the misrepresentation").

>Defendant's arguments regarding estoppel; the Court reserves its ruling as to which IEP is A.S.'s stay-put placement.

(2) Plaintiffs are directed to file a response to this motion, addressing only the stay-put placement issue, by July 15, 2005.

**DONE AND ORDERED** at Tampa, Florida, this 29th day of June, 2005.

>/s/ Susan C. Bucklew
>SUSAN C. BUCKLEW
>United States District Judge

Copies to:
Counsel of Record
The Honorable Elizabeth A. Jenkins