UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SAMMONS and JANIE
SAMMONS, as legal guardians
of A.S., an incapacitated adult,

        Plaintiffs,

v.                                  Case No. 8:04-cv-2657-T-24 EAJ

POLK COUNTY SCHOOL BOARD,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Reconsideration. (Doc. No. 71). Plaintiffs oppose this motion. (Doc. No. 75).

In this motion, Defendant asks the Court to reconsider its Order (Doc. No. 70) adopting the Magistrate Judge's Report and Recommendation. Defendant makes two arguments in its motion: (1) the Court should have applied federal law, rather than Florida law, when determining whether equitable estoppel should be applied against Defendant, and (2) the February 23, 2004 IEP should be the stay-put placement, rather than the October 6, 2003 IEP. The Court issued an order rejecting Defendant's first argument and reserved its ruling on the second argument until Plaintiffs filed their response. (Doc. No. 72). Plaintiffs have responded to Defendant's argument regarding which IEP is A.S.'s stay-put placement, and as such, that issue is now ripe for review.

### I. Background

Plaintiffs are the parents and legal guardians of A.S., a nineteen-year-old, non-verbal male with Asperger's Syndrome, a form of autism. During the 2003-2004 school year, A.S. was

a senior in high school.

On or about October 6, 2003, Plaintiffs and Defendant Polk County School Board agreed upon an Individual Education Plan ("IEP") for A.S. The October 6, 2003 IEP stated that one of A.S.'s priority educational needs was the ability to express his ideas in written form.

Thereafter, on or about February 23, 2004, at an annual review of A.S.'s IEP, Plaintiffs were informed that A.S. would graduate in May of 2004 if he received all of his academic credits. Additionally, in the February 23, 2004 IEP, Defendant proposed eliminating any goals that required A.S. to complete written work. The February 23, 2004 IEP was implemented the next day.

Plaintiffs objected to the proposed graduation and the elimination of the written work requirement. In response to Plaintiffs' objection to the February 23, 2004 IEP, Defendant mailed Plaintiffs an Informed Notice of Refusal on February 26, 2004, rejecting Plaintiffs' proposal not to graduate A.S. or to change his diploma option from a standard diploma to a special diploma.

On April 20, 2004, Plaintiffs wrote a letter to Defendant notifying Defendant of Plaintiffs' opposition to the February 23, 2004 proposed IEP. Plaintiffs stated in the April 20, 2004 letter that they were formally requesting either a new IEP meeting or mediation on the issue. After receiving Plaintiffs' April 20, 2004 letter, Defendant responded on May 7, 2004 that it would schedule a new IEP meeting for May 21, 2004.

Plaintiffs feared that Defendant was attempting to graduate A.S. prior to the May 21, 2004 IEP meeting, so on May 17, 2004, Plaintiffs formally requested an impartial due process hearing to challenge the proposed graduation and obtain a new IEP. Plaintiffs also requested an emergency injunction requiring Defendant to maintain A.S.'s current educational placement

pending Plaintiff's challenge to the proposed graduation and the IEP.

## II.  A.S.'s Stay-Put Placement

The "stay put" provision, set forth in 20 U.S.C. § 1415(j), provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of such child . . . until all such proceedings have been completed." Defendant argues that the February 23, 2004 IEP should be A.S.'s stay-put placement, rather than the October 6, 2003 IEP.  Specifically, Defendant argues that at the time Plaintiffs requested the due process hearing (May 17, 2004), the February 23, 2004 IEP was A.S.'s then-current educational placement.

Plaintiffs respond that the February 23, 2004 IEP is not A.S.'s then-current educational placement, because Plaintiffs were not given prior written notice of the proposed changes to A.S.'s educational placement under the February 23, 2004 IEP before that IEP was implemented.[1]  The IEP meeting occurred on February 23, 2004, and the date that the proposed changes were to be initiated was February 24, 2004 (as indicated on the Prior Written Notice). Furthermore, Defendant sent the Prior Written Notice regarding the proposed changes under the February 23, 2004 IEP to Plaintiffs on February 26, 2004–after the proposed changes were initiated.  (Doc. No. 47, Ex. 5.1).  As such, Plaintiffs argue that it was impossible for them to formally object to the February 23, 2004 IEP before it was initiated, and therefore, the February

---

[1]Defendant was required to send prior written notice to Plaintiffs within a reasonable time before it proposed or refused to initiate or change the identification, evaluation, or educational placement of A.S. or the provision of free appropriate public education to A.S.  See 34 C.F. R. § 300.503(a)(1); Fla. Admin. Code. 6A-6.03311(1).

23, 2004 IEP cannot be considered A.S.'s then-current educational placement simply because it was initiated prior to their request for a due process hearing.

The Court agrees with Plaintiffs. Under the facts of this case, the Court finds that the October 6, 2003 IEP is A.S.'s stay-put placement, because it is the last uncontested placement that preceded this controversy. If the Court were to accept Defendant's argument, it would be impossible for Plaintiffs to challenge the February 23, 2004 IEP and have the October 6, 2003 IEP be A.S.'s stay-put placement unless Plaintiffs requested a due process hearing on February 23, 2004, since the February 23, 2004 IEP was initiated the next day.

Based on the above, the Court rejects Defendant's arguments on the issue of A.S.'s stay-put placement. As such, Defendant's motion for reconsideration of this issue is denied, and Defendant is directed to return A.S., as soon as practicable, to his educational placement as it existed under the October 6, 2003 IEP during the pendency of these proceedings.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)   Defendant's Motion for Reconsideration (Doc. No. 71) is **DENIED**; and

(2)   Defendant's Motion For Leave to File Reply Brief (Doc. No. 76) is **DENIED.**

**DONE AND ORDERED** at Tampa, Florida, this 18th day of July, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
The Honorable Elizabeth A. Jenkins