UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SAMMONS and JANIE
SAMMONS, as legal guardians
of A.S., an incapacitated adult,

        Plaintiffs,

v.                                          Case No. 8:04-cv-2657-T-24 EAJ

POLK COUNTY SCHOOL BOARD,

        Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant's request for the Court to clarify its ruling on Plaintiffs' motion for summary judgment to the extent that the Court remanded certain issues to the Administrative Law Judge ("ALJ"). This issue was addressed at the initial pretrial conference that was held on October 18, 2005, in the parties' Pretrial Statement (Doc. No. 100), and in the briefs filed by the parties on this issue (Doc. No. 104, 105).

## **I. Background**

Plaintiffs are the parents and legal guardians of A.S., a nineteen-year-old, non-verbal male with Asperger's Syndrome, a form of autism. On May 17, 2004, Plaintiffs filed a request for a due process hearing, in which they challenged Defendant's decision to graduate A.S. and raised issues regarding the education that A.S. had received. (Doc. No. 8-5).

In their request for a due process hearing, Plaintiffs stated, among other things, that: (1) A.S. had not been provided with any effective transitional services and had not met the necessary transitional goals and objectives; (2) there was institutional neglect of A.S.'s

behavioral/social/emotional needs; (3) Defendant consistently failed to provide a functional behavior program for A.S.; (4) A.S.'s education was provided in a self-contained, highly restrictive environment; and (5) Defendant failed to provide effective services to A.S. to help him develop his independent functioning skills.  (Doc. No. 8-5).

In response to the request for a due process hearing, Defendant filed a motion to clarify the issues for the due process hearing, stating:

> The request for due process is murky at best as to what constitutes the issue(s) for due process. [Plaintiffs seem] to be possibly challenging the appropriateness of the past IEPs, the child's past educational program, transition planning and whether A.S.'s education was provided in the least restrictive environment.

(Doc. No. 8-14).  However, Defendant argued in its motion to clarify the issues that the only issue that the ALJ could consider was whether A.S. met the requirements for a regular high school diploma, because A.S. had graduated prior to the request for a due process hearing.  (Doc. No. 8-14).

In response to Defendant's motion to clarify the issues, Plaintiffs responded that the issues consisted of, among other things: (1) whether A.S. received a free and appropriate public education ("FAPE"), particularly in the domains of Independent Functioning, Social/Emotional/Behavioral, and Communication; (2) whether A.S. had been provided effective transition services as required by the IDEA, since they alleged that he had not been provided with any effective transitional services; (3) whether Defendant neglected A.S.'s behavioral, social, and emotional needs; (4) whether Defendant failed to provide an effective functional behavioral program; and (5) whether A.S.'s education was provided in the least restrictive environment.  (Doc. No. 8-20).  In addition, Plaintiffs specifically stated that the October 6, 2003 IEP and February 23, 2004 IEP contained insufficient transition plans that were not

implemented.  (Doc. No. 8-20, p. 5-6).

The ALJ ruled in favor of Defendant on the motion to clarify the issues and held that the only issue to be addressed at the due process hearing was whether A.S. met the requirements to receive a regular high school diploma.  (Doc. No. 8-21).  Thereafter, the ALJ held a three-day hearing, in which he excluded all evidence regarding A.S.'s IEPs and whether A.S. received FAPE.  (Doc. No. 8-32, p. 85-86, 88-89, 387).

Plaintiffs filed a complaint in this Court seeking review of the ALJ's decision to limit the issues and exclude evidence regarding A.S.'s IEPs and whether A.S. received FAPE.  Thereafter, Plaintiffs moved for summary judgment on this issue, and the Court granted Plaintiffs' motion. Specifically, the Court stated:

> [T]he Court grants summary judgment in favor of Plaintiffs on the issue that the ALJ erred in refusing to consider the issues of FAPE and Plaintiffs' challenge to the February 23, 2004 IEP.  As such, the Court will remand these issues back to the ALJ for further consideration.

(Doc. No. 98, p. 16-17).

## II.  Motion to Clarify

Defendant now moves the Court to clarify the scope of the issues remanded to the ALJ. Specifically, Defendant urges the Court to specify that the only issue for the ALJ to consider is whether A.S. was denied FAPE by the February 23, 2004 IEP.  Plaintiffs respond that on remand, the issue before the ALJ must be whether A.S. was denied FAPE during the 2002-2003 and 2003-2004 school years.

Thus, this Court must determine whether Plaintiffs challenged whether A.S. received FAPE during his 2002-2003 and 2003-2004 school years in their request for a due process hearing.  As such, the Court must construe the due process request and determine what

3

specifically Plaintiffs were challenging.  The parties, however, have not cited case law on the issue of how to construe a request for a due process hearing and what level of particularity is required.

Upon review of the request for a due process hearing and Plaintiffs' response to Defendant's motion to clarify the issues that was filed in the administrative forum, the Court finds that Plaintiffs have challenged whether A.S. received FAPE during his 2002-2003 and 2003-2004 school years.  The Court reaches this conclusion based on the fact that throughout their request for a due process hearing and their response to Defendant's motion to clarify the issues that was filed in the administrative forum, Plaintiffs have identified several areas in which Defendant has allegedly failed to provide A.S. with certain services, such as their allegations that: (1) A.S. had not been provided with any effective transitional services and had not met the necessary transitional goals and objectives; (2) there was institutional neglect of A.S.'s behavioral/social/emotional needs; (3) Defendant consistently failed to provide a functional behavior program for A.S.; (4) A.S.'s education was provided in a self-contained, highly restrictive environment; and (5) Defendant failed to provide effective services to A.S. to help him develop his independent functioning skills.  While Plaintiffs do not identify specific IEPs relating to these alleged failures, the Court does not find that to be fatal, because the Court construes Plaintiffs allegations as asserting that all of the IEPs during the 2002-2003 and 2003-2004 school years failed to provide for these services and/or failed to be implemented appropriately.

Furthermore, the Court believes that the spirit of the 1997 version of the IDEA[1] would support a broad construction of Plaintiffs' request for a due process hearing, since the purpose of the IDEA is to ensure that disabled children receive FAPE and to provide a procedural framework to assert a challenge to a child's education if a parent believes that their child is being denied FAPE. As such, the Court finds that on remand, the ALJ must consider whether A.S. was denied FAPE during the 2002-2003 and 2003-2004 school years to the extent that Plaintiffs identified certain deficiencies in A.S.'s education in their request for a due process hearing and the ALJ must consider Plaintiffs' challenges to IEPs during that time period that relate to the alleged denials of FAPE.

Defendant asserts several arguments as to why the scope of the remand should be limited to the February 23, 2004 IEP, including (1) that Plaintiffs agreed with prior IEPs and specifically sought the benefits of the October 6, 2003 IEP when they sought to enforce A.S.'s stay-put rights; (2) that Plaintiffs' due process request does not comply with 20 U.S.C. § 1415(b)(7); and (3) that Defendant will be prejudiced if the Court does not limit the scope of the remand.[2] For the reasons stated below, the Court rejects Defendant's arguments.

---

[1] The IDEA was recently amended by Congress, effective July 1, 2005. The amendments renumber some of the sections and subsections of the statutes implicated in this case and make minor revisions to the text of those sections and subsections. However, since the amendments do not apply retroactively, the Court will refer to the 1997 version of the sections and subsections throughout this Order. See J.M. v. Kingsway Regional School District, No. Civ. 04-4046 (RBK), 2005 WL 2000179, at *4 n.5 (D.N.J. Aug. 18, 2005)(citation omitted).

[2] Additionally, Defendant makes arguments regarding the amended version of the IDEA. However, since the amendments do not apply retroactively, the Court will not address these arguments.

### A.  Agreement with Prior IEPs

Defendant argues that the scope of the remand should be limited, because Plaintiffs agreed with prior IEPs and specifically sought the benefits of the October 6, 2003 IEP when they sought to enforce A.S.'s stay-put rights.  The Court, however, finds that these arguments are without merit.

The Court rejects Defendant's argument that since Plaintiffs did not specifically object to prior IEPs prior to filing their request for a due process hearing, all objections are somehow waived.  Furthermore, in their response to Defendant's motion to clarify the issues filed in the administrative forum, Plaintiffs explained why they did not object sooner to A.S.'s prior IEPs:

> It is important to note that [Plaintiffs] understood that sometimes a school will work on some goals and objectives first, in preparation for working on other parts of a student's education plan.  Often when [Plaintiffs] would push for services and instruction in a particular area of need, [they were] faced with the reply that the school needed to do some other things first.  The implication was that A.S. had a number of years left for all his needs to be addressed and [Plaintiffs] just need[ed] to be patient while more urgent issues were dealt with first.

(Doc. No. 8-20, p. 6).

Likewise, the Court rejects Defendant's argument that since Plaintiffs specifically sought to return A.S. to his educational placement as it existed under the October 6, 2003 IEP when they sought to enforce A.S.'s stay-put rights, they are now precluded from challenging the October 6, 2003 IEP.  Plaintiffs stated at the initial pretrial conference that part of their request for a due process hearing was based on Defendant's failure to implement past IEPs.  Furthermore, Plaintiffs argued at the initial pretrial conference that they requested that A.S. be returned to his educational placement as it existed under the October 6, 2003 IEP because it was better for A.S.

than being out of school or being educated under the February 23, 2004 IEP.

### B. § 1415(b)(7)

Next, Defendant argues that the scope of the remand should be limited, because Plaintiffs' due process request does not comply with 20 U.S.C. § 1415(b)(7). Section 1415(b)(7)(B) provides that a request for a due process hearing must include (1) a description of the nature of the problem of the child relating to the proposed initiation or change, including facts relating to the problem; and (2) a proposed resolution of the problem to the extent known and available to the parents at the time. Defendant argues that this requires Plaintiffs to identify the specific IEP relating to the alleged problem. However, as stated above, the Court has construed the request for a due process hearing as asserting that *all* of the IEPs during the 2002-2003 and 2003-2004 school years failed to provide certain services and/or failed to be implemented appropriately.

Additionally, Defendant argues that Plaintiffs' proposed resolution of the problem–that Defendant cease and desist efforts to graduate A.S. and draft a new IEP that is reasonably calculated to address the deficiencies described in the request for a due process hearing–shows that Plaintiffs were not seeking compensatory education and that they were only seeking prospective relief. The Court, however, construes the request for a due process hearing more broadly and finds that Plaintiffs were simply requesting relief for the alleged IDEA violations. Since drafting a new IEP that corrected the alleged deficiencies would be appropriate relief if A.S. was given compensatory education, the Court rejects Defendant's argument on this issue.

### C. Prejudice

Next, Defendant argues that it will be prejudiced if the scope of the remand is not limited.

Specifically, Defendant argues that it will be prejudiced because (1) the two-year statute of limitations has run for Plaintiff to now challenge IEPs that were in place prior to the February 23, 2004 IEP; (2) too much time has lapsed since the prior IEPs were in place, and memories have faded, some documents may no longer exist, and some witnesses may no longer work for the school district; and (3) the IDEA requires that Defendant be advised of Plaintiffs' claims and have an opportunity to resolve their concerns prior to the due process hearing. The Court rejects these arguments.

The statute of limitations argument lacks merit, because the Court has found that Plaintiffs had challenged the prior IEPs in their due process request on May 17, 2004. Furthermore, the argument that too much time has lapsed has no merit, because the ALJ should have considered Plaintiffs' claims during the due process hearing that occurred in August of 2004. Finally, the argument that Defendant has not been given the opportunity to resolve these issues lacks merit, because Defendant's motion to clarify the issues that was filed in the administrative forum shows that it was on notice that Plaintiffs were challenging prior IEPs at that time. Thus, the Court finds that Defendant will not be prejudiced by the scope of the remand.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's request for the Court to clarify its ruling on Plaintiffs' motion for summary judgment to the extent that the Court remanded certain issues to the ALJ is **GRANTED** to the extent that the Court clarifies it ruling as follows: The ALJ erred in refusing to consider whether A.S. was denied FAPE during the 2002-2003 and 2003-2004 school years and refusing to consider Plaintiffs' challenges to IEPs

8

during that time. As such, the Court finds that on remand, the ALJ must consider whether A.S. was denied FAPE during the 2002-2003 and 2003-2004 school years to the extent that Plaintiffs identified certain deficiencies in A.S.'s education in their request for a due process hearing and the ALJ must consider Plaintiffs' challenges to IEPs during that time period that relate to the alleged denials of FAPE.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of October, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record