UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SAMMONS and JANIE
SAMMONS, as legal guardians
of A.S., an incapacitated adult,

       Plaintiffs,

v.                                             Case No. 8:04-cv-2657-T-24 EAJ

POLK COUNTY SCHOOL BOARD,

       Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion for Dissolution of the Stay-Put and Preliminary Injunction. (Doc. No. 109). Plaintiffs oppose the motion. (Doc. No. 114).

**I. Background**

Plaintiffs are the parents and legal guardians of A.S., a nineteen-year-old, non-verbal male with Asperger's Syndrome, a form of autism. During the 2003-2004 school year, A.S. was a senior in high school.

On or about February 23, 2004, at an annual review of A.S.'s Individual Education Plan ("IEP"), Plaintiffs were informed that A.S. would graduate in May of 2004 if he received all of his academic credits. On April 20, 2004, Plaintiffs wrote a letter to Defendant notifying Defendant of Plaintiffs' opposition to the February 23, 2004 proposed IEP and formally requesting either a new IEP meeting or mediation on the issue. In this letter, they also stated that they did not want A.S. to graduate and that they intended to challenge any IEP that was proposed to be a terminal IEP. After receiving Plaintiffs' April 20, 2004 letter, Defendant responded on May 7, 2004 that it would schedule a new IEP meeting for May 21, 2004. Among

the reasons given for the new IEP meeting was that the diploma option and IEP would be reviewed.

Rather than hold the new IEP meeting with Plaintiffs on May 21, 2004 as represented by Defendant, Defendant attempted to graduate A.S. before his parents realized that there would not be a new IEP meeting and before Plaintiffs filed a request for a due process hearing. Plaintiffs filed their request for a due process hearing on May 17, 2004 (prior to the May 20, 2004 graduation ceremony). However, Defendant took the position that A.S. graduated prior to the request for a due process hearing–on May 13, 2004 when A.S.'s teacher turned in his grades. This Court has previously found that Defendant is equitably estopped from arguing that A.S. graduated prior to Plaintiffs' filing their request for a due process hearing challenging the decision to graduate him due to Defendant's conduct causing Plaintiffs to believe that Defendant was not going to graduate A.S. prior to the May 21, 2004 IEP meeting. (Doc. No. 70).

In their request for a due process hearing, Plaintiffs requested an emergency injunction to enjoin Defendant from involuntarily graduating A.S. (Doc. No. 8-5). The Administrative Law Judge ("ALJ") denied their request. (Doc. No. 8-22)  After the administrative hearing, the ALJ found that A.S. had met the requirements for graduation. (Doc. No. 8-31)

Thereafter, Plaintiffs filed a four-count complaint in this Court for injunctive and other equitable relief. (Doc. No. 1). In Counts I and IV, Plaintiffs requested a review of the administrative determinations of the ALJ regarding whether A.S. met the requirements for graduation and whether the ALJ improperly excluded evidence regarding A.S.'s IEPs and whether A.S. received a free appropriate public education ("FAPE"). In ruling on the parties' motions for summary judgment, this Court found that the ALJ did not err in his finding that A.S.

met the requirements for graduation. (Doc. No. 98). However, the Court found that the ALJ erred in excluding evidence relating to Plaintiffs' compensatory education claim when the ALJ excluded evidence regarding A.S.'s IEPs and whether A.S. received FAPE, and as such, the Court remanded these issues to the ALJ. (Doc. No. 98).

In Count II, Plaintiffs requested injunctive relief enforcing A.S.'s stay-put rights and compensatory education. In Count III, Plaintiffs asserted a § 1983 claim due to Defendant's violation of the stay-put provision. On June 20, 2005, this Court found that the stay-put provision was triggered by the filing of the request for a due process hearing challenging Defendant's decision to graduate A.S., and the Court ordered that A.S. be returned to his educational placement as it existed under the October 23, 2003 IEP as soon as practicable. (Doc. No. 70). As such, A.S. has been attending school during the 2005-2006 school year.[1] Defendant has appealed the Court's decision to grant the stay-put injunction, and the appeal is currently pending. (Doc. No. 80).

## II.  Motion to Dissolve the Injunction

Defendant now moves to dissolve the stay-put injunction requiring Defendant to educate A.S. under the October 23, 2003 IEP during the pendency of these proceedings. Defendant argues that A.S.'s right to the protection of the stay-put provision has ended, since the Court has found that A.S. has met the requirements for graduation and has upheld Defendant's decision to graduate A.S.

Plaintiffs respond that the motion should be denied because this Court lacks jurisdiction

---

[1] Later this month, the Court will be holding an evidentiary hearing to determine the amount of compensatory education necessary, if any, to compensate A.S. for Defendant failing to allow him to remain in school during the 2004-2005 school year under the stay-put provision.

to dissolve the stay-put injunction, since the injunction has been appealed and is currently pending before the Eleventh Circuit. As explained below, the Court agrees with Plaintiffs and finds that the motion should be denied.

"As a general rule, '[t]he filing of a notice of appeal . . . divests the district court of control over those aspects of the case involved in the appeal.'" <u>Pacific Ins. Co. v. General Development Corp.</u>, 28 F.3d 1093, 1096 n.7 (11th Cir. 1994)(quoting <u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982)). However, there is an exception to this rule contained in Federal Rule of Civil Procedure 62(c), which provides:

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

Courts have interpreted Rule 62(c) to allow a district court to modify an injunction that has been appealed only to the extent necessary to maintain the status quo, and the modification cannot be such that it moots the appeal and divests the appellate court of jurisdiction. <u>See</u> <u>Coastal Corp. v. Texas Eastern Corp.</u>, 869 F.2d 817, 820 (5th Cir. 1989). Furthermore, courts interpreting Rule 62(c) note that the rule allows a district court to suspend, modify, restore, or grant an injunction during the pendency of the appeal, but the rule does not allow a district court to dissolve an injunction during the pendency of the appeal.

In the instant case, Defendant requests that the Court dissolve the stay-put injunction. However, since the order granting the stay-put injunction is currently on appeal, this Court lacks jurisdiction to grant the motion.

Even if the order granting the injunction was not currently pending on appeal, the Court

would not grant the motion to dissolve it.  The Court notes that Defendant makes a persuasive argument that the stay-put provision no longer applies once the child turns twenty-two (ages out) or graduates from high school.  See Board of Education of Oak Park & River Forest High School District 200 v. Illinois State Board of Education, 79 F.3d 654, 659-60 (7th Cir. 1996).[2]  In this case, however, Plaintiffs challenged Defendant's decision to graduate A.S., and even though the Court found that A.S. met the graduation requirements in its order on Defendant's motion for summary judgment, the challenge is not finally resolved until the Court enters a final judgment on the graduation challenge.[3]  Once final judgment is entered on the graduation challenge, it

---

[2]The Court notes that the Oak Park case dealt with the issue of whether the stay-put provision continues to apply after a child ages out of the IDEA; it did not deal with the issue of whether the stay-put provision continues to apply after a court upholds a decision to graduate a child.  See Oak Park, 79 F.3d at 659.  However, this Court finds that the same reasoning applies in both instances, since the right to FAPE only applies to children under the age of twenty-two who have not graduated from high school.  20 U.S.C. § 1412(a)(1)(A); 34 C.F.R. 300.122(a)(3)(i).   In Oak Park, the court stated:
> We think that the stay-put provision does indeed cease to operate when a child [ages out].  Except for the judge-created remedial exception for claims for compensatory education, the entitlements created by the Individuals with Disabilities Education Act expire when the disabled individual [ages out].  The purpose of the stay-put provision is to give the child's parents the choice of keeping the child in his existing program until their dispute with the school authorities is resolved.  Once the child reaches the age at which he no longer is entitled to the protection of the Act, the stay-put provision, which is intended to prevent the child from losing benefits to which he is entitled, loses its rationale. Its continued application would confer benefits beyond the limit set by Congress.

Id. at 659-60.

[3]Federal Rule of Civil Procedure 54(b) provides: "When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

would appear that the stay-put provision would cease to apply. However, after final judgment is entered on the graduation challenge, this Court will remain powerless to dissolve the injunction if the order granting the injunction is still on appeal.[4]

**III. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion for Dissolution of the Stay-Put and Preliminary Injunction (Doc. No. 109) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of January, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[4] Furthermore, dissolution of the injunction may not be warranted under the traditional injunction analysis.