UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SAMMONS and JANIE
SAMMONS, as legal guardians
of A.S., an incapacitated adult,

      Plaintiffs,

v.                                              Case No. 8:04-cv-2657-T-24 EAJ

POLK COUNTY SCHOOL BOARD,

      Defendant.
_____/

## ORDER

This cause comes before the Court on its own in order to clarify its judgment in this case, which states in part:

> Judgment is entered on Counts I and IV in favor of Plaintiffs on the issue of whether the ALJ erred in improperly limiting issues and excluding evidence regarding A.S.'s IEPs and whether A.S. received FAPE, and [the] Court remands these issues to the ALJ. Specifically, on remand the ALJ must consider whether A.S. was denied FAPE during the 2002-2003 and 2003-2004 school years to the extent that plaintiffs identified certain deficiencies in A.S.'s education in their request for a due process hearing, and ALJ must consider Plaintiffs' challenges to IEPs during that time period that relate to the alleged denials of FAPE.

(Doc. No. 157).

## I. Background

Plaintiffs are the parents and legal guardians of A.S., a twenty-one-year-old, non-verbal male with Asperger's Syndrome, a form of autism. Plaintiffs challenged A.S.'s graduation from high school and whether he had received a free appropriate public education ("FAPE").

After the initial administrative hearing, the administrative law judge ("ALJ") found that

A.S. had met the requirements for graduation. (Doc. No. 8-31). Thereafter, Plaintiffs filed a four-count complaint in this Court for injunctive and other equitable relief. (Doc. No. 1). In Counts I and IV, Plaintiffs requested a review of the administrative determinations of the ALJ regarding whether A.S. had met the requirements for graduation and whether the ALJ had improperly excluded evidence regarding A.S.'s Individual Education Plans ("IEPs") and whether A.S. received FAPE.

In ruling on the parties' motions for summary judgment, this Court found that the ALJ did not err in his finding that A.S. met the requirements for graduation. (Doc. No. 98). However, the Court found that the ALJ erred in excluding evidence relating to Plaintiffs' compensatory education claim when the ALJ excluded evidence regarding A.S.'s IEPs and whether A.S. received FAPE, and as such, the Court remanded these issues to the ALJ.

## II. Clarification of Remand

In the Court's ruling on Plaintiffs' motion for summary judgment on the issue of whether the ALJ erred as a matter of law in refusing to consider Plaintiffs' challenge to the February 23, 2004 IEP and in excluding evidence of whether A.S. received FAPE, the Court stated:

> [The Court finds] that the ALJ erred in refusing to consider the issues of FAPE and Plaintiffs' challenge to the February 23, 2004 IEP on the basis that A.S. had graduated. This is because after a student graduates, he or she can still seek compensatory education for past denials of FAPE. See T.S. v. Independent School District No. 54, 265 F.3d 1090, 1092 (10th Cir. 2001)(stating that the rule that a claim that FAPE is deficient becomes moot upon a valid graduation only applies where the student does not contest his or her graduation and where the student is seeking only prospective–rather than compensatory–relief); Brett v. Goshen Community School Corp., 161 F. Supp.2d 930, 933-34 (N.D. Ind. 2001)(finding that graduation does not moot claims for compensatory education). Defendant acknowledged, in its motion for judgment on the record and during the hearing on these motions, that a student who has graduated may seek compensatory education for past denials of FAPE. (Doc. No. 73, p. 10).

> Furthermore, Plaintiffs specifically stated at the hearing before the ALJ that their claims could just as easily be construed as requesting compensatory education as they could be construed as requesting prospective relief. (Doc. No. 8-32, p. 144-45).
> Accordingly, the Court grants summary judgment in favor of Plaintiffs on the issue that the ALJ erred in refusing to consider the issues of FAPE and Plaintiffs' challenge to the February 23, 2004 IEP. As such, the Court will remand these issues back to the ALJ for further consideration.

(Doc. No. 98, p. 15-16). The Court later clarified its ruling, stating that the ALJ should consider whether A.S. was denied FAPE during the 2002-2003 and 2003-2004 school years. (Doc. No. 106). Thus, the Court found that the ALJ should have considered Plaintiffs' claim for compensatory education due to the alleged denials of FAPE.

On remand, the ALJ stated in his order that he was only addressing the specific issues set forth in the judgment, i.e., whether A.S. was denied FAPE during the 2002-2003 and 2003-2004 school years. (Doc. No. 171-2, p. 4). The ALJ further stated that his order would not address any issues outside the specific language of the remand order, such as the issue of compensatory education. (Doc. No. 171-2, p. 5).

However, it was the Court's intention that the ALJ consider the issue of compensatory education, since compensatory education is an equitable remedy for the denial of FAPE.[1] Thus, when the Court remanded the FAPE issues to the ALJ, implicit in the remand order was that the

---

[1] "Under the theory of 'compensatory education,' courts and hearing officers may award 'educational services . . . to be provided prospectively to compensate for a past deficient program.'" Reid v. District of Columbia, 401 F.3d 516, 522 (D.C. Cir. 2005)(quoting G. ex rel. RG v. Fort Bragg Dependant Schs., 343 F.3d 295, 308 (4th Cir. 2003)). "'[C]ompensatory education is not a contractual remedy, but an equitable remedy, part of the court's resources in crafting 'appropriate relief.'" Id. at 523 (quoting Parents of Student W. v. Puyallup School Dist., 31 F.3d 1489, 1497 (9th Cir. 1994)). "'[C]ompensatory education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a given period of time to provide a FAPE to a student.'" Id. (quoting Fort Bragg Dependant Schs., 343 F.3d at 309).

ALJ would determine all of the FAPE issues, including that if the ALJ determined that A.S. was denied FAPE, he should also determine the appropriate amount and type of compensatory education that should be awarded to compensate A.S. for the denial of FAPE. After hearing five days of evidence regarding the FAPE deficiencies, it is only logical that the ALJ should be the judge to determine the appropriate and specific amount and type of compensatory education, if any, that should be awarded to A.S. in order to compensate him for the denial of FAPE.[2]

### III. Conclusion

Since the Court found in its summary judgment order that the ALJ erred in refusing to consider the FAPE issues even though a student can still seek compensatory education after he or she graduates, the remand order implicitly included a remand of the issue of the appropriate amount and type of compensatory education, if any, to be awarded to A.S. if the ALJ found that A.S. was denied FAPE. Accordingly, the Court further clarifies its judgment in this case (Doc. No. 157) to specify that in remanding the FAPE issues to the ALJ, the Court was directing the ALJ to also determine the appropriate relief for the denial of FAPE, i.e., the appropriate amount and type of compensatory education, if any, necessary in order to compensate A.S. for the denial of FAPE. Therefore, the Court again remands the case to the ALJ to determine the issue of compensatory education, in its entirety, including the appropriate amount of compensatory education and the specific educational services that should be awarded to A.S. in order to compensate him for the denial of FAPE during the 2002-2003 and 2003-2004 school years.

---

[2] At the administrative hearing on remand, the ALJ found that A.S. was denied FAPE. (Doc. No. 171-2).

**DONE AND ORDERED** at Tampa, Florida, this 21st day of November, 2006.

                                              SUSAN C. BUCKLEW
                                              United States District Judge

Copies to: Counsel of Record