UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SAMMONS and JANIE
SAMMONS, as legal guardians
of A.S., an incapacitated adult,

       Plaintiffs,

v.                                    Case No. 8:04-cv-2657-T-24 EAJ

POLK COUNTY SCHOOL BOARD,

       Defendant.
_____/

## ORDER

This cause comes before the Court on two motions: (1) Plaintiffs' Motion for Attorneys' Fees (Doc. No. 160), which Defendant opposes[1] (Doc. No. 162), and (2) Defendant's Motion in Opposition to the Clerk's Taxation of Costs and Motion to Deny Bill of Costs, and to Strike Bill of Costs as Untimely (Doc. No. 168), which Plaintiffs oppose (Doc. No. 169).

**I.  Background**

Plaintiffs are the parents and legal guardians of A.S., a twenty-one-year-old, non-verbal male with Asperger's Syndrome, a form of autism.  Plaintiffs challenged A.S.'s graduation from high school and whether he had received a free appropriate public education ("FAPE").

After the initial administrative hearing, the administrative law judge ("ALJ") found that A.S. had met the requirements for graduation. (Doc. No. 8-31).  Thereafter, Plaintiffs filed a

---

[1] The Court notes that Defendant's opposition violates the spirit of Local Rule 3.01(b), which provides that memorandums in opposition may not exceed twenty pages.  Defendant's opposition contains footnotes on almost every page that are single-spaced and in small font.  Furthermore, several of the pages contain footnotes that exceed a third of the page.  Defendant is directed to limit its footnotes in future filings, or the Court may disregard the content in the footnotes.

four-count complaint in this Court for injunctive and other equitable relief. (Doc. No. 1). In Counts I and IV, Plaintiffs requested a review of the administrative determinations of the ALJ regarding whether A.S. had met the requirements for graduation and whether the ALJ had improperly excluded evidence regarding A.S.'s Individual Education Plans ("IEPs") and whether A.S. received FAPE.

In ruling on the parties' motions for summary judgment, this Court found that the ALJ did not err in his finding that A.S. met the requirements for graduation. (Doc. No. 98). However, the Court found that the ALJ erred in excluding evidence relating to Plaintiffs' compensatory education claim when the ALJ excluded evidence regarding A.S.'s IEPs and whether A.S. received FAPE, and as such, the Court remanded these issues to the ALJ.

On May 2, 2006, this Court found that there was no just reason for delay in entering judgment on Counts I and IV so that the ALJ could promptly consider whether A.S. was denied FAPE and consider Plaintiffs' challenges to A.S.'s IEPs. (Doc. No. 155). Therefore, in accordance with Federal Rule of Civil Procedure 54(b), the Court directed the Clerk to enter judgment on Counts I and IV. (Doc. No. 155). On May 3, 2006, the Clerk entered judgment on Counts I and IV.

**II. Plaintiffs' Motion for Attorneys' Fees**

Plaintiffs move for an award of their attorneys' fees, pursuant to 20 U.S.C. § 1415(i)(3), which provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." Plaintiffs argue that they are a prevailing party, because the Court granted their motion for summary judgment to the extent that they argued that

the ALJ erred in excluding evidence relating to Plaintiffs' compensatory education claim when the ALJ excluded evidence regarding A.S.'s IEPs and whether A.S. received FAPE. Defendant opposes the motion, arguing that Plaintiffs are not prevailing parties. For the reasons stated below, the Court agrees with Defendant.

In order to be considered a prevailing party, "a plaintiff must receive at least some relief on the merits of his claim." Hewitt v. Helms, 482 U.S. 755, 760 (1987)(citation omitted). Furthermore, in order "to be considered a prevailing party[,] . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." Texas State Teachers Assoc. v. Garland Independent School District, 489 U.S. 782, 792 (1989)(citations omitted). "The touchstone of the prevailing party inquiry [is the] material alteration of the legal relationship of the parties . . . ." Id. at 792-93. Thus, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)

In order to find that a plaintiff obtained a material alteration in its relationship with the defendant, the plaintiff must obtain an enforceable judgment against the defendant that directly benefits the plaintiff at the time of the judgment. See id. at 111 (citations omitted). In the instant case, all that Plaintiffs have obtained is a remand of the FAPE/compensatory education claims to the ALJ, and the ALJ will determine the merits of those claims. There has been no determination from this Court in favor of Plaintiffs as to the merits of these claims. In such a situation, Plaintiffs cannot be considered prevailing parties. See J.O. ex rel. C.O. v. Orange Township Board of Education, 287 F.3d 267, 273 (3d Cir. 2002)(citations omitted)(noting that

"[s]everal courts of appeals have held that a party cannot be a prevailing party if the interim relief received is not merit-based").

Obtaining a reversal and remand directing consideration of the merits of the plaintiff's claims does not make the plaintiff a prevailing party at the time that the case is remanded. See Richardson v. Penfold, 900 F.2d 116, 118-19 (7th Cir. 1990); see also Hunger v. Leininger, 15 F.3d 664, 670 (7th Cir. 1994). In Richardson, the plaintiff obtained a reversal and remand of the district court's dismissal of the plaintiff's claims, and the plaintiff's appellate counsel sought attorney's fees prior to the trial on the plaintiff's claims after the remand. See Richardson, 900 F.2d at 117. The district court awarded attorney's fees, and the appellate court reversed, stating:

> Unless and until [the plaintiff] obtains damages at trial or a positive monetary settlement in lieu thereof, he will not be a prevailing party and his (or his lawyers') entitlement to attorney's fees will be premature. This is not to say that fees may never be awarded before a lawsuit is over and done with. They may. Once a plaintiff obtains substantive relief that is not defeasible by further proceedings, he can seek interim fees and the district court has the power to award them. But until there is some relief, there can be no award. A procedural victory that may be a way station to utter substantive defeat creates no right to fees[, since ] . . . the plaintiff still ha[s] to prove his case at trial.

Id. at 118-19 (internal citations omitted).

Thus, the granting of the remand in the instant case does not confer prevailing party status on Plaintiffs, because the judgment remanding the claims to the ALJ for consideration of the merits of Plaintiffs' FAPE/compensatory education claims does not materially alter the legal relationship between the parties. This is because:

> [A] judicial decree is not the end but the means. At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces–the payment of damages, or some specific performance, or the termination of some conduct. Redress is sought *through* the court, but *from* the defendant. . . . The real value of the judicial pronouncement . . . is in the settling of some dispute *which affects the behavior of the defendant towards the*

*plaintiff.*

Hewitt, 482 U.S. at 761 (emphasis in original). Instead, the granting of the remand was just "an important first step on the road to obtaining relief and 'affect[ing] the behavior of the defendant towards the plaintiff[s].'" Walker v. Anderson Electrical Connectors, 944 F.2d 841, 847 (11th Cir. 1991)(quoting Hewitt, 482 U.S. at 761).

The Court notes that Plaintiffs argue that the judgment in this case remanding the FAPE/compensatory education claims to the ALJ does alter Defendant's behavior, because pursuant to Florida Administrative Code 6A-6.03311(11)(g)(5), Defendant will have to arrange for the provision and payment of clerical assistance, the hearing, use of facilities, and a verbatim transcript of the hearing. The Court rejects this argument. When "the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*," the court may conclude that the plaintiff is not a prevailing party. Garland Independent School District, 489 U.S. at 792 (citations omitted). Since there has been no determination from this Court in favor of Plaintiffs as to the merits of their FAPE/compensatory education claims, the Court finds that the granting of a remand of these claims does not confer prevailing party status to Plaintiffs.

Additionally, the Court notes that in their response to Defendant's opposition to Plaintiffs' costs, Plaintiffs cite a case in support of their argument that they are prevailing parties that they did not cite in their motion for attorneys' fees–Shalala v. Schaefer, 509 U.S. 292, 300-02 (1993). In Schaefer, the Court determined that a plaintiff that obtains a sentence four remand in a Social Security case is a prevailing party, despite the fact that the plaintiff has not yet obtained Social Security benefits. Based on Schaefer, Plaintiffs argue that they should be considered prevailing parties in the instant case with respect to their claims remanded to the ALJ,

despite the fact that they have not yet been awarded compensatory education on those claims. Plaintiffs, however, have not shown that Schaefer has been applied to confer prevailing party status in cases other than Social Security cases where the court grants a sentence four remand. As such, the Court rejects Plaintiffs' argument on this issue.

Accordingly, the Court finds that Plaintiffs are not prevailing parties at this time. As such, the Court denies Plaintiffs' motion for attorneys' fees at this time.

### III. Defendant's Opposition to the Taxation of Costs

Federal Rule of Civil Procedure 54(d)(1) provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs." Defendant asserts several arguments in support of its opposition to the taxation of costs, including the argument that Plaintiffs are not the prevailing party. Since the Court has found that Plaintiffs are not the prevailing party at this time, the Court agrees with Defendant that Plaintiffs are not entitled to costs at this time. As such, the Court grants Defendant's motion to deny costs.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Plaintiffs' Motion for Attorneys' Fees (Doc. No. 160) is **DENIED WITHOUT PREJUDICE**; and

(2) Defendant's Motion in Opposition to the Clerk's Taxation of Costs and Motion to Deny Bill of Costs, and to Strike Bill of Costs as Untimely (Doc. No. 168) is **GRANTED** to the extent that the Court denies Plaintiffs' request for costs at this time.


**DONE AND ORDERED** at Tampa, Florida, this 5th day of February, 2007.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record