UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SAMMONS and JANIE
SAMMONS, as legal guardians
of A.S., an incapacitated adult,

      Plaintiffs,

v.                                  Case No. 8:04-cv-2657-T-24 EAJ

POLK COUNTY SCHOOL BOARD,

      Defendant.

_____/

## ORDER

This cause comes before the Court on Defendant's motion for summary judgment on

Counts II and III of Plaintiffs' complaint.  (Doc. No. 195).  Plaintiffs oppose the motion.  (Doc.

No. 199).

## I.  Background

Plaintiffs are the parents and legal guardians of A.S., a twenty-two-year-old, non-verbal

male with Asperger's Syndrome, a form of autism.  Plaintiffs challenged A.S.'s graduation from

high school and whether he had received a free appropriate public education ("FAPE").

After the initial administrative hearing, the administrative law judge ("ALJ") found that

A.S. had met the requirements for graduation.  (Doc. No. 8-31).  Thereafter, Plaintiffs filed a

four-count complaint in this Court for injunctive and other equitable relief.  (Doc. No. 1).  In

Counts I and IV, Plaintiffs requested a review of the administrative determinations of the ALJ

regarding whether A.S. had met the requirements for graduation and whether the ALJ had

improperly excluded evidence regarding the issue of whether A.S. received FAPE.

In ruling on the parties' motions for summary judgment, this Court found that the ALJ

did not err in his finding that A.S. met the requirements for graduation.  (Doc. No. 98).

However, the Court found that the ALJ did err in excluding evidence relating to Plaintiffs'

compensatory education claim when the ALJ excluded evidence regarding A.S.'s IEPs and

evidence regarding whether A.S. received FAPE.  (Doc. No. 98).  As a result, the Court

remanded these issues to the ALJ.  (Doc. No. 98, 106, 155, 173).  After finding that there was no

just reason for delay in entering judgment on Counts I and IV, the Court directed the Clerk to

enter judgment on those counts so that the ALJ could promptly consider Plaintiffs' FAPE and

compensatory education claims.  (Doc. No. 155).

## II.  Motion for Summary Judgment

Defendant now moves for summary judgment on Counts II and III of the complaint.

Count II is a claim for injunctive relief effectuating A.S.'s stay-put rights under the Individuals

with Disabilities Education Act ("IDEA") and for compensatory education for the time period

that A.S.'s stay-put rights were denied.  Count III is a § 1983 claim based on violations of the

IDEA.  Accordingly, the Court will analyze each count.

### A.  Stay-Put Injunctive Relief

In Count II, Plaintiffs assert a claim for injunctive relief effectuating A.S.'s stay-put

rights under the IDEA and for compensatory education for the time period that A.S.'s stay-put

rights were denied.  This issue was previously considered by this Court.  Specifically, the

magistrate judge assigned to this case held a hearing to determine whether A.S. was entitled to

stay-put injunctive relief.  The magistrate judge issued a Report and Recommendation

recommending that such relief be granted.  (Doc. No. 51).

This Court adopted the magistrate judge's Report and Recommendation.  Specifically,

this Court found that the stay-put provision was triggered and stated:

> Plaintiffs contend that Defendant should be equitably estopped from asserting that A.S. graduated prior to their request for a due process hearing.  Specifically, they argue that Defendant's May 7, 2004 meeting notice informing them that a new IEP meeting would be held on May 21, 2004 led them to believe that Defendant would not graduate A.S. prior to the new IEP meeting.  The Court agrees with Plaintiffs and finds that Defendant should be equitably estopped from asserting that A.S. graduated prior to their request for a due process hearing.
>
>         \*        \*        \*
>
> The Court finds that Defendant's May 7, 2004 meeting notice informing Plaintiffs that a new IEP meeting would be held on May 21, 2004 would lead a reasonable person to believe that Defendant was not going to graduate A.S. prior to the May 21, 2004 IEP meeting.  Plaintiffs relied on this and did not request a due process hearing after receiving the May 7, 2004 meeting notice due to their belief, based on Defendant's conduct, that Defendant would not graduate A.S. prior to the May 21, 2004 IEP meeting.  Furthermore, the Court finds that Defendant's scheduling of the IEP meeting for a date after A.S. would graduate without indicating that the scheduling of the new IEP meeting was a mere technicality and that the new IEP meeting would likely not occur was affirmative conduct by Defendant going beyond mere negligence.  The Court suspects that Defendant intentionally did not indicate that the new IEP meeting would likely not occur in an attempt to get Plaintiffs not to request a due process hearing before Defendant was able to graduate A.S.

(Doc. No. 70).  Defendant appealed this Court's decision.  (Doc. No. 79).

The Eleventh Circuit vacated this Court's decision, finding that this Court "erred when it determined that [Defendant] affirmatively acted to mislead the Plaintiffs" and also finding that "Plaintiffs did not offer any evidence that [Defendant] did not intend to hold the IEP meeting if A.S. failed to graduate on time."  (Doc. No. 148).  Additionally, the appellate court stated: "[T]he district court assumed that [Defendant] knew what no one could possibly have known–that A.S. would complete all of his work and pass his remaining exams by May 13, 2004."  (Doc. No. 148).  Thus, the appellate court found that Plaintiffs had not shown that the stay-put provision was triggered.

Plaintiffs contend that despite the Eleventh Circuit's decision in this case that the stay-put

provision was not triggered, they are entitled to a "final hearing" to determine the merits of their stay-put claim.  This Court disagrees.

At the outset, the Court notes that A.S. is no longer entitled to injunctive relief for any continuing violation of the stay-put provision, since he is now twenty-two years old and is no longer entitled to the protection of the stay-put provision.  20 U.S.C. § 1412(a)(1)(A); <u>see also</u> <u>Board of Education of Oak Park & River Forest High School District 200 v. Illinois State Board</u> <u>of Education</u>, 79 F.3d 654, 659-60 (7th Cir. 1996).  Thus, the only relief that Plaintiffs could currently be seeking is compensatory education for the alleged past violation of the stay-put provision by Defendant graduating A.S.

Plaintiffs argue that since injunctive relief under the stay-put provision is similar to a preliminary injunction, a denial of their claim for stay-put injunctive relief does not determine the merits of their stay-put claim.  The Court disagrees.

The purpose of the stay-put provision is to maintain the status quo while the merits of the plaintiff's FAPE claims are determined.  Thus, in the instant case, the adverse ruling on Plaintiffs' request for injunctive relief under the stay-put provision does not affect the merits of their FAPE claim (which is currently being considered by the ALJ).  However, the adverse ruling on Plaintiffs' request for injunctive relief under the stay-put provision does affect their ability to obtain compensatory education for the alleged violation of the stay-put provision, because it has been determined that the stay-put provision was not violated by Defendant graduating A.S.

The issue of whether the stay-put provision has been triggered (thus leading to injunctive relief and/or compensatory education) only gets determined once–there is not a preliminary

Case 8:04-cv-02657-SCB-EAJ   Document 201   Filed 12/10/07   Page 5 of 10 PageID 4654

hearing, and if unsuccessful, a later, final hearing on that issue.  A.S.'s right to any relief under the IDEA's stay-put provision was finally determined when the Eleventh Circuit reversed this Court's determination that the stay-put provision had been triggered.  If A.S. was not entitled to automatic injunctive relief under the stay-put provision, as was determined by the Eleventh Circuit, then he cannot be entitled to compensatory education due to Defendant's alleged failure to comply with the stay-put provision by graduating him.  Plaintiffs do not get a second-bite at that apple in the form of a final hearing on the merits of their stay-put claim.[1]  As such, the Court grants Defendants' motion for summary judgment on this claim.

### B. Section 1983 Claim

In Count III, Plaintiffs assert a § 1983 claim based on violations of the IDEA. Specifically, Plaintiffs allege that Defendant caused A.S. to be deprived of rights owed to him "under the IDEA, including the right of A.S. to enjoy his current educational placement during the pendency of proceedings before DOAH and this Court, the right to an independent

---

[1]      The Court notes that Plaintiffs have now submitted evidence to support their claim that Defendant should have been estopped from arguing that the stay-put provision was not triggered due to A.S.'s graduation.  Plaintiffs point to evidence suggesting that Defendant knew on May 7, 2004 (the date it sent the notice of the new IEP hearing) that A.S. would be graduating and that the IEP meeting would never occur.  Specifically, A.S.'s teacher has testified that he did not keep a grade book and that A.S. did not have to take any final exams. (Doc. No. 200-2, p. 85, 123).  However, Plaintiffs do not get a "do over" on this issue.

The Court also notes that Plaintiffs contend that they should be allowed to submit evidence to show that Defendant *intended* to mislead them, because Plaintiffs did not proffer evidence related to this element at the initial hearing because they did not know it was an element of their estoppel claim.  Plaintiffs contend that the Eleventh Circuit misconstrued Florida law and added this element when it rendered its opinion in this case.  However, the Eleventh Circuit did not indicate that it was creating a new element, and as such, it appears that the Eleventh Circuit's interpretation of Florida law was that the element of intent and affirmative misconduct always existed in an estoppel claim.  As such, the fact that Plaintiffs did not present evidence on that element does not change the Court's decision that Plaintiffs are not entitled to a second bite at the apple in the form of a final hearing on their stay-put claim.

evaluation at public expense, the right to have Defendant consider the results of an independent

evaluation, and the right to a free and appropriate public education at no cost to Plaintiffs."

(Doc. No. 1).

Defendant moves for summary judgment on this claim, arguing that: (1) Plaintiffs cannot

assert a § 1983 claim based on violations of the IDEA; and (2) even if Plaintiffs could assert a

§ 1983 claim based on IDEA violations, the exhaustion requirement would bar claims not

asserted in their original request for a due process hearing.  The Court agrees that Defendants are

entitled to summary judgment on Plaintiffs' § 1983 claim.

Whether a person can assert a § 1983 claim based solely on IDEA violations has not been

answered by the Eleventh Circuit.  Several other circuits have found that such claims are not

allowed.  See A.W. v. Jersey City Public Schools, 486 F.3d 791, 802-03 (3d Cir. 2007); Sellers

v. The School Board of the City of Manassas, Va., 141 F.3d 524, 529 (4th Cir. 1998); Blanchard

v. Morton School District, 2007 WL 4225789, at *3 (9th Cir. Dec. 3, 2007); Padilla v. School

District No. 1 in the City and County of Denver, Colorado, 233 F.3d 1268, 1273-74 (10th Cir.

2000).  This Court agrees with those courts.

The courts that hold that a § 1983 claim cannot be based solely on an IDEA violation

base this conclusion on the Supreme Court's decision in Smith v. Robinson, 468 U.S. 992

(1984), and the subsequent amendment to the IDEA in response to Smith.  In Smith, the

Supreme Court held that when a child asserts a claim for FAPE based on the Equal Protection

clause of the Fourteenth Amendment, the Education of the Handicapped Act ("EHA") (the

predecessor to the IDEA) was the exclusive avenue through which the child can pursue their

claim.  See id. at 1013.  The Supreme Court made this determination based on the fact that the

6

EHA was a comprehensive remedial scheme and the Court's finding that Congress could not have wanted a person to skip the EHA's procedures and go straight to court by way of a § 1983 claim.  See id. at 1009-13.  While the claim before the Supreme Court was based on a constitutional deprivation, the Court noted that "[c]ourts generally agree that the EHA may not be claimed as a basis for a § 1983 action."  See id. at 1009, n.11.

In response to Smith, Congress amended the EHA and added 20 U.S.C. § 1415(f).[2] Section 1415(f) provided: "Nothing in this title shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, title V of the Rehabilitation Act of 1973, or other Federal statutes protecting the rights of handicapped children and youth."  Courts construed this amendment as "void[ing] Smith's broad holding that the EHA preclude[d] overlapping but independent claims otherwise cognizable under the Constitution, the Rehabilitation Act, or other Federal laws."  Padilla, 233 F.3d at 1273 (citations omitted). However, many courts have determined that the holding in Smith still applies to § 1983 claims based solely on IDEA violations.  As one court has explained:

> [W]hile section 1415(f) explicitly preserves remedies under the Constitution, the Rehabilitation Act, and specified "other" statutes, it simply fails to mention section 1983.  The reference to "other" statutes protecting the rights of disabled children cannot naturally be read to include 42 U.S.C. § 1983, a statute which speaks generally and mentions neither disability nor youth.  By preserving rights and remedies "under the Constitution," section 1415(f) does permit plaintiffs to resort to section 1983 for *constitutional* violations, notwithstanding the similarity of such claims to those stated directly under IDEA.  But section 1415(f) does not permit plaintiffs to sue under section 1983 for an IDEA violation, which is *statutory* in nature.  Nothing in section 1415(f) overrules the Court's decision in *Smith* to the extent it held that Congress intended IDEA to provide the sole remedies for violations of that same statute.

--------

[2]The IDEA was thereafter amended, and this provision can now be found at § 1415(l).

Sellers, 141 F.3d at 530 (internal citation omitted).

Defendant argues that the Eleventh Circuit would hold that a person cannot assert a § 1983 claim based solely on IDEA violations.  In support of this argument, Defendant cites Holbrook v. City of Alpharetta, Ga., 112 F.3d 1522 (11ᵗʰ Cir. 1997).  In Holbrook, the issue before the court was whether the plaintiff could assert a § 1983 claim based on the Americans with Disabilities Act ("ADA") or the Rehabilitation Act.  See id. at 1525.  In finding that a § 1983 claim cannot be based on a violation of the ADA or Rehabilitation Act, the court stated:

> [B]oth the Rehabilitation Act and the ADA provide extensive, comprehensive remedial frameworks that address every aspect of [the plaintiff's] claims under section 1983.  To permit a plaintiff to sue both under the substantive statutes that set forth detailed administrative avenues of redress as well as section 1983 would be duplicative at best; in effect, such a holding would provide the plaintiff with two bites at precisely the same apple.  We conclude that a plaintiff may not maintain a section 1983 action in lieu of-or in addition to-a Rehabilitation Act or ADA cause of action if the only alleged deprivation is of the employee's rights created by the Rehabilitation Act and the ADA.

Id. at 1530 (citations omitted).  Based on the Eleventh Circuit's reasoning in Holbrook, Defendant argues that the Eleventh Circuit would find that a plaintiff cannot assert a § 1983 claim based solely on a violation of the IDEA due to the IDEA's extensive, comprehensive remedial framework.  This Court agrees.  See Katherine S. v. Umbach, 2002 WL 226697, at *19 (M.D. Ala. Feb. 1, 2002)(finding that based on Holbrook, the plaintiffs could not assert a § 1983 claim based on a violation of the IDEA).

Plaintiffs argue that the Eleventh Circuit's opinion in Manecke v. School Board of Pinellas County, Fla., 762 F.2d 912 (11ᵗʰ Cir. 1985), supports their contention that they can assert a § 1983 claim in this case.  In Manecke, the court allowed the plaintiffs to assert a § 1983 claim based on the school board's failure to provide them with a timely, impartial due process hearing.

8

See id. at 919.  However, Manecke is distinguishable from the instant case, because Plaintiffs' §

1983 claim in the instant case is not based on a failure to provide them with a timely, impartial

due process hearing.  Plaintiffs even acknowledge in their response that Manecke provides some

support for Defendant's argument that Plaintiffs cannot assert a § 1983 claim based on a denial

of FAPE and that Manecke leaves open the question of whether § 1983 could be used to seek

relief for a denial of FAPE.  (Doc. No. 199, p. 5).

     The Court is not persuaded by Plaintiffs' argument and instead finds that Plaintiffs

cannot assert a § 1983 claim based on violations of the IDEA.  Accordingly, Defendant is

entitled to summary judgment on Plaintiffs' § 1983 claim.

     Additionally, the Court notes that even if Plaintiffs could assert a § 1983 claim based on

IDEA violations, the exhaustion requirement would bar those claims that were not asserted in

their original request for a due process hearing.  Plaintiffs' § 1983 claim is based, among other

things, on A.S. being deprived of his right to an independent evaluation at public expense and his

right to have Defendant consider the results of the independent evaluation.  However, Plaintiffs

did not allege a violation of the IDEA with respect to an independent evaluation in their original

due process request[3], and as such, summary judgment must be granted as to any claims based on

A.S.'s rights to an independent evaluation and that the results be considered by Defendant due to

Plaintiffs' failure to exhaust their administrative remedies.  See M.T.V. v. DeKalb County

School District, 446 F.3d 1153, 1159 (11th Cir. 2006).

### III.  Conclusion

     Accordingly, it is ORDERED AND ADJUDGED that:

---

[3]Doc. No. 8-5

(1)     Defendant's motion for summary judgment on Counts II and III of Plaintiffs'

        complaint (Doc. No. 195) is **GRANTED**.

(2)     The Clerk is directed to enter judgment in favor of Defendant on Counts II and

        III.

(3)     The Clerk is directed to close this case.[4]

**DONE AND ORDERED** at Tampa, Florida, this 10th day of December, 2007.

_Susan C. Bucklew_
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[4]The Court notes that the parties may file motions for review of the ALJ's decision regarding the issues that have been remanded (whether A.S. was denied FAPE and the amount of compensatory education awarded).  However, the parties can file such motions in the related case, William Sammons and Janie Sammons v. Polk County School Board, case number 8:06-cv-2240-T-24-EAJ, and therefore, the Clerk may close the instant case.