UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM SAMMONS and JANIE
SAMMONS, as legal guardians
of A.S., an incapacitated adult,

       Plaintiffs,

v.                                    Case No. 8:04-cv-2657-T-24 EAJ

POLK COUNTY SCHOOL BOARD,

       Defendant.
_____/

**ORDER**

This cause comes before the Court on two motions: (1) Defendant's Motion to Deny and Strike Bill of Costs (Doc. No. 209), which Plaintiffs oppose (Doc. No. 213); and (2) Plaintiffs' Renewed Motion for Attorneys' Fees (Doc. No. 206), which Defendant opposes (Doc. No. 210).

**I. Background**

Plaintiffs are the parents and legal guardians of A.S., a twenty-two-year-old, non-verbal male with Asperger's Syndrome, a form of autism.[1] Plaintiffs challenged A.S.'s graduation from high school in 2004 and whether he had received a free appropriate public education ("FAPE").

After the initial administrative hearing, the administrative law judge ("ALJ") found that A.S. had met the requirements for graduation. (Doc. No. 8-31). Thereafter, Plaintiffs filed a four-count complaint in this Court for injunctive and other equitable relief. (Doc. No. 1). In Counts I and IV, Plaintiffs requested a review of the administrative determinations of the ALJ regarding whether A.S. had met the requirements for graduation and whether the ALJ had

---

[1] A.S. was born on August 18, 1985.

improperly excluded evidence regarding the issue of whether A.S. received FAPE.

In ruling on the parties' motions for summary judgment, this Court found that the ALJ did not err in his finding that A.S. met the requirements for graduation. (Doc. No. 98). However, the Court found that the ALJ did err in excluding evidence relating to Plaintiffs' compensatory education claim when the ALJ excluded evidence regarding A.S.'s IEPs and evidence regarding whether A.S. received FAPE. (Doc. No. 98). As a result, the Court remanded these issues to the ALJ. (Doc. No. 98, 106, 155, 173). After finding that there was no just reason for delay in entering judgment on Counts I and IV, the Court directed the Clerk to enter judgment on those counts so that the ALJ could promptly consider Plaintiffs' FAPE and compensatory education claims.[2] (Doc. No. 155).

The Clerk entered judgment on Counts I and IV on May 3, 2006. (Doc. No. 157). Thereafter, on May 12, 2006, Plaintiffs moved to alter, vacate, or clarify the judgment (Doc. No. 158), which the Court granted to the extent that it clarified the judgment, but otherwise, the motion was denied on June 13, 2006 (Doc. No. 164). Six days later, Plaintiffs filed a proposed Bill of Costs. (Doc. No. 165). In response, Defendant filed a motion to deny taxation of costs. (Doc. No. 168). Additionally, on May 17, 2006, Plaintiffs filed a motion for attorneys' fees. (Doc. No. 160).

On remand, the ALJ determined that A.S. had been denied FAPE, but he did not determine the amount of compensatory education, if any, A.S. should be awarded. (Doc. No. 171). As a result, on November 21, 2006, the Court remanded the case back to the ALJ to

---

[2]Judgement was entered in favor of Defendant on Counts II and III on December 11, 2007. (Doc. No. 204).

determine the issue of compensatory education in its entirety.  (Doc. No. 173).

On February 5, 2007 the Court granted Defendant's motion to deny taxation of costs at that time.  (Doc. No. 177).  Specifically, the Court found that since Plaintiffs were not yet prevailing parties (because they only obtained a remand of their FAPE claims, not an actual judgment awarding compensatory education), they were not entitled to costs at that time.  (Doc. No. 177).  Likewise, the Court denied without prejudice Plaintiffs' motion for attorneys' fees, because they were not prevailing parties at that time.  (Doc. No. 177).

On April 24, 2008, the ALJ issued an order awarding A.S. compensatory education.  (Doc. No. 205).  In his order, the ALJ found that A.S. "is entitled to receive compensatory educational services for up to five years," which includes the two years he attended high school during which he was denied FAPE, plus the three additional years of services that would have been available after graduation and prior to his twenty-second birthday.  (Doc. No. 205, p. 17).  The ALJ ordered that the program of educational services proposed by Lakeland Crossroads School is an appropriate placement for A.S.[3]  (Doc. No. 205).

On May 8, 2008, fourteen days after the ALJ issued his order awarding compensatory education, Plaintiffs filed a proposed Bill of Costs and a motion for attorneys' fees.  (Doc. No. 206, 207).  In response, Defendant filed a motion to deny the taxation of costs and to strike the Bill of Costs as untimely and a response in opposition to the motion for attorneys' fees.  (Doc. No. 209, 210).

---

[3]The Lakeland Crossroads School is an affiliate of Educational Services of America, which is a national provider of educational services to a range of special needs students. Lakeland Crossroads School offers a program for students with autism.

3

**II.  Attorneys' Fees and Costs**

In arguing that the motion for attorneys' fees should be denied and that the Court should deny taxation of costs, Defendant argues that Plaintiffs are not yet prevailing parties in this case, because the ALJ's order granting compensatory education has been appealed in this Court.  The ALJ's order granting compensatory education states that the decision is final unless the adversely affected party (Defendant) brings a civil action within thirty days under the IDEA.  (Doc. No. 205); see also Fla. Admin Code 6A-603311(11)(j).  Defendant filed its complaint for review within the thirty day period.  As such, Defendant argues, Plaintiffs cannot yet be deemed prevailing parties, because the ALJ's order is not an enforceable judgment on the merits.

The parties have failed to cite relevant case law that discusses whether an ALJ's order in favor of a party makes that party the prevailing party when the ALJ's order is appealed.  However, this Court has previously stated:

> In order to be considered a prevailing party, "a plaintiff must receive at least some relief on the merits of his claim."  Hewitt v. Helms, 482 U.S. 755, 760 (1987)(citation omitted).  Furthermore, in order "to be considered a prevailing party[,] . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."  Texas State Teachers Assoc. v. Garland Independent School District, 489 U.S. 782, 792 (1989)(citations omitted).  "The touchstone of the prevailing party inquiry [is the] material alteration of the legal relationship of the parties . . .."  Id. at 792-93.  Thus, "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)
>
> In order to find that a plaintiff obtained a material alteration in its relationship with the defendant, the plaintiff must obtain an enforceable judgment against the defendant that directly benefits the plaintiff at the time of the judgment.  See id. at 111 (citations omitted).

(Doc. No. 177, p. 3).

Since Defendant appealed the ALJ's order, the ALJ's order is not final, and therefore, it is not an enforceable judgment on the merits. As such, Plaintiffs have not yet obtained relief that alters the legal relationship of the parties.

The Court notes that Plaintiffs cite <u>School Committee of Town of Burlington, Massachusetts v. Department of Education of Massachusetts</u>, 471 U.S. 359 (1985), in support of their argument that an ALJ's decision is a final, enforceable order. Plaintiffs' reliance on <u>Burlington</u>, however, is misplaced.

In <u>Burlington</u>, parents were litigating with a town regarding the proper placement for their child. After the parents rejected the town's IEP, but before the administrative hearing occurred, the parents unilaterally moved their child to the Carroll School. <u>See id.</u> at 362. Thereafter, Massachusetts Department of Education's Bureau of Special Education Appeals ("BSEA") held hearings and ruled in favor of the parents' placement choice of the Carroll School. <u>See id.</u> at 363. In response, the town appealed.

The issue before the Supreme Court in <u>Burlington</u> was whether the parents' violation of the stay-put provision (due to the unilateral placement of their child at the Carroll School) barred them from obtaining reimbursement for the cost of the school. <u>See id.</u> at 367. The stay-put provision is violated by a change in placement for the child that is not agreed to by the parents and the State or local educational agency. <u>See id.</u> at 372. In analyzing the issue, the Supreme Court noted that when the BSEA ruled in favor of the parents, such "would seem to constitute agreement by the State to the change in placement." <u>Id.</u>

Based on the above, <u>Burlington</u> does not stand for the proposition that administrative orders are enforceable despite the fact that they are being appealed. The Court did not address

the enforceability of the BSEA's order; rather, it determined that the BSEA's decision in favor of the parents "would seem to constitute agreement" between the parents and the State.

Accordingly, the Court is not persuaded that Plaintiffs can be deemed the prevailing party at this time due to the fact that the ALJ's order is being appealed. After the Court rules on the merits of Defendant's appeal, the Court will be able to determine whether Plaintiffs are the prevailing party in this case.[4]

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Defendant's Motion to Deny and Strike Bill of Costs (Doc. No. 209) is **GRANTED** to the extent that the Court denies taxation of costs at this time; and

(2)  Plaintiffs' Renewed Motion for Attorneys' Fees (Doc. No. 206) is **DENIED WITHOUT PREJUDICE**

**DONE AND ORDERED** at Tampa, Florida, this 20th day of June, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[4] The Court notes that one of Defendant's arguments in support of its motion to strike the Bill of Costs is that the original Bill of Costs was not timely filed. Specifically, Defendant argues that Plaintiffs failed to file their original Bill of Costs within fourteen days after the entry of judgment on Counts I and IV. Judgement on those counts was entered on May 3, 2006, and the Bill of Costs was not filed until June 19, 2006. Plaintiffs respond that the Bill of Costs was filed within fourteen days after the Court ruled on the motion to alter, vacate, or clarify the judgment. The Court agrees that the fourteen day period should be counted from the date that the Court ruled on the motion to alter, vacate, or clarify the judgment. See Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 2007 WL 842771, at *2 n.2 (M.D. Fla. Mar. 20, 2007). As such, the Court rejects Defendant's argument on this issue.